**Stephen W. Peterson**
Attorney at Law
California Bar No. 048468
964 Fifth Avenue, Number 214
San Diego, California 92101
Telephone No. (619) 544-1446
Facsimile No. (619) 544-1469

Attorney for Defendant:
**EMMANUEL BAUTISTA**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HON. JANIS L. SAMMARTINO)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ) | | CASE NO. 08CR2431-JLS |
| ) | | |
| Plaintiff, ) | | NOTICE OF MOTION AND MOTION |
| ) | | TO COMPEL DISCOVERY |
| v. ) | | |
| ) | | |
| EMMANUEL BAUTISTA, ) | | Date: August 29, 2008 |
| ) | | Time: 2:00 p.m. |
| Defendant ) | | |
| ) | | |

TO:   KAREN P. HEWITT, UNITED STATES ATTORNEY, AND
      DAVID D. LESHNER, ASSISTANT UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE that on Monday, August 29, 2008 at 2:00 p.m., or as soon thereafter as counsel may be heard, the defendant, EMMANUEL BAUTISTA, by and through counsel, Stephen W. Peterson will ask this Court to issue an order granting the motion listed below.

//

//

## MOTIONS

The defendant, EMMANUEL BAUTISTA, by and through counsel, Stephen W. Peterson, asks this Court pursuant to the Fifth and Sixth Amendments to the United States Constitution, Federal Rules of Criminal Procedure 12, 14, 16 and 26, and all other applicable statutes and local rules for an order to Compel Discovery.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, the files and records in the above-captioned matter, and any and all other materials that may come to this Court's attention prior to or during the hearing on these motions.

Respectfully submitted,

/s/ Stephen W. Peterson

Dated: August 13, 2008

_____
STEPHEN W. PETERSON
Attorney for Defendant
EMMANUEL BAUTISTA

**Stephen W. Peterson**
Attorney at Law
California Bar No. 048468
964 Fifth Avenue, Ste. 214
San Diego, California 92101
Telephone No. (619) 544-1446
Facsimile No. (619) 544-1469

Attorney for Defendant:
**Emmanuel Bautista**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HON. JANIS L. SAMMARTINO)

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> ) <br> ) <br> EMMANUEL BAUTISTA, ) <br> ) <br> Defendant ) <br> _____ ) | CASE NO. 08CR2431-JLS <br><br> STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL DISCOVERY <br><br> Date: August 29, 2008 <br> Time: 2:00 p.m. |

**I.**

**STATEMENT OF FACTS**

On July 23, 2008, the federal grand jury in the district returned a true bill of indictment charging defendant Emmanuel Bautista and four others with violation of the Controlled Substance Act. Specifically, Emmanuel Bautista is charged in one count with conspiracy to

possess with intent to distribute heroin in violation of Title 21 United States Code, Sections 846, 841 (a)(1) and 841(b)(1). A forfeiture count of alleged drug proceeds is also charged.

Counsel has received to date fourteen pages of discovery along with three CD's/DVD's of photographs and a video of a portion of an alleged drug transaction.

## II.

## MOTION TO COMPEL DISCOVERY

## ARGUMENT

**THE MOTION TO COMPEL DISCOVERY SHOULD BE GRANTED.**

Emmanuel Bautista moves for the production by the government of the following items. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies " under United States v. Bryan, 868 F.2d 1032 (9th Cir.) cert. denied, 493 U.S. 858 (1989):

(1)   The Defendant's Statements. Under Fed. R. Crim. P. 16 (a)(1)(A) the defendant is entitled to disclosure of <u>all</u> copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the government intends to offer in evidence at trial; any recorded testimony of the defendant before the grand jury; any audio or video tapes whether before or after the arrests; any response by the defendant to interrogation; the substance of any oral statements which the government intends to introduce at trial, and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to any Miranda warnings which may have been given to the defendant (see United States v. McElroy, 697 F.2d 459 (2d Cir. 1982)); and any other statements by the defendant that are discoverable under Fed. R. Crim. P. 16

(a)(1)(A), including but not limited to FBI and personal history forms. <u>United States v. Bailleaux</u>, 685 F. 2d 1105 (9th Cir. 1982). The Advisory Committee Notes as well as the 1991 amendments to Rule 16 make it clear that the Government must reveal <u>all</u> the defendant's statements, whether oral or written regardless of whether the Government intends to introduce those statements.

(2) <u>Arrest Reports, Notes and Dispatch Tapes</u>. The defendant also specifically requests that all arrest reports, arrest warrants, notes and dispatch tapes or any other tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced in their entirety, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) <u>and Brady</u> <u>v. Maryland</u>, 373 U.S. 83 (1963). See also <u>United States v. Johnson</u>, 525 F.2d 999 (2d Cir. 1975), <u>cert. denied</u>, 424 U.S. 929 (1976); <u>United States v. Lewis</u>, 511 F. 2d 798 (D.C. Cir. 1975); <u>United States v. Pilnick,</u> 267 F. Supp. 791 (S.D.N.Y. 1967); <u>Loux v. United States</u>, 389 F. 2d 911 (9th Cir.), <u>cert. denied</u>, 393 U.S. 867 (1968). Arrest reports, arrest warrants, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under Fed. R. Crim.P. 16(a)(1)(B) and (C) Fed. R. Crim. P. 26.2 and 12(i).

(3)<u>Reports of Scientific Tests or Examinations</u>. Pursuant to Fed. R. Crim. P. 16(D), Mr. Bautista requests the reports of all tests and examinations conducted upon the evidence in this case, including but not limited to chemical analysis of any contraband and any fingerprint testing done upon any evidence seized in this case, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the

1  preparation of the defense or are intended for use by the government as evidence in chief at the
2  trial.

3       (4) <u>Brady Material</u>.  The defendant requests all documents, statements, agents' reports,
4  and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the
5  credibility of the government's case.  Impeachment as well as exculpatory evidence falls within
6  Brady's definition of evidence favorable to the accused.  <u>United States v. Bagley</u>, 473 U.S. 667
7  (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

8       (5) <u>Any Information that May Result in a Lower Sentence under the United States</u>
9  <u>Sentencing Guidelines (U.S.S.G.)</u>.  As discussed above, this information is discoverable under
10 <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  This request includes any cooperation or attempted
11 cooperation by the defendant, as well as any information that could affect any base offense level
12 or specific offense characteristic under Chapter Two of the U.S.S.G.  Also included in this
13 request is any information relevant to a Chapter Three adjustment, a determination of the
14 defendant's criminal history, or any other application of the U.S.S.G.

15      (6) <u>The Defendant's Prior Record</u>.  Evidence of prior record is available under Fed. R.
16 Crim. P. 16(a)(1)(B).

17      (7) <u>Any Proposed 404(b) Evidence</u>. Evidence of prior similar acts is discoverable under
18 Fed. R. Crim.P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609.  In addition, under Fed. R. Evid.
19 404(b), "upon request of the accused, the prosecution…shall provide reasonable notice in
20 advance of trial… of the general nature…" of any evidence the government proposes to
21 introduce under Fed. R. Evid. 404(b) at trial.  The defendant requests that such notice be given
22 six weeks before trial in order to give the defense time to adequately investigate and prepare for
23 trial.

1    (8) <u>Evidence Seized</u>. Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(C).

    (9) <u>Request for Preservation of Evidence</u>. The defendant specifically requests that all dispatch tapes or any other physical evidence that may be destroyed, lost or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved. This request includes, but is not limited to, any samples used to run any scientific tests, and any evidence seized from any third party. It is requested that the government be ordered to <u>question</u> all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist, to inform those parties to preserve any such evidence.

    (10) <u>Tangible Objects</u>. The defendant requests, under Fed. R. Crim. P. 16(a)(2)(C), the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, photographs of buildings or places or copies of portions thereof which are material to the defense or intended for use in the government's case-in-chief, or were obtained from or belong to the defendant. Mr. Bautista specifically requests production of progress reports filed pursuant to the court's intercept orders.

    (11) <u>Evidence of Bias or Motive to Lie</u>. The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987); <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988) <u>cert. denied</u>, 489 U.S. 1032 (1989).

    (12) <u>Expert Witnesses</u>. Mr. Bautista requests the name and qualifications of any person that the government intends to call as an expert witness. See <u>Fed. R. Crim.</u> P. 16(a)(1)(E). In addition, Mr. Bautista requests written summaries describing the bases and reasons for the expert's opinions. <u>See id.</u> Mr. Bautista requests that the Court order the government to notify

the defense of its intent to introduce such testimony in a timely manner, so that a proper 104 (Kumho-Daubert) admissibility hearing can be conducted without unduly delaying the trial.

(13) Impeachment Evidence. The defendant requests any evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to the defendant. See Fed. R. Evid. 608, 609 and 613. Such evidence is discoverable under Brady v. Maryland, 373 U.S. 83 (1963). See United States v. Strifler, 851 F. 2d 1197 (9th Cir. 1988) (witness' prior record); Thomas v. United States, 343 F.2d 49 (9th Cir. 1965)(evidence that detracts from a witness' credibility).

(14) Evidence of Criminal Investigation of Any Government Witness. The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2d Cir.), cert. denied, 474 U.S. 945 (1985).

(15) Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling. The defense requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980).

(16) Witness Addresses. The defendant requests the name and last known address of each prospective government witness. See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses), cert. denied, 444 U.S. 1034 (1980). The defendant also requests the name and last known address of every witness to the crime or crimes charged

(or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a government witness. <u>United States v. Cadet</u>, 727 F.2d 1453 (9th Cir. 1984).

(17) <u>Name of Witnesses Favorable to the Defendant</u>. The defendant requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity or participation in the crime charged. <u>Jackson v. Wainwright</u>, 390 F.2d 288 (5th Cir. 1968); <u>Chavis v. North Carolina</u>, 637 F.2d 213, 223 (4th Cir. 1980); <u>Jones v. Jago</u>, 575 F.2d 1164, 1168 (6th Cir.) <u>cert. denied</u>, 439 U.S. 883 (1978); <u>Hudson v. Blackburn</u>, 601 F.2d 785 (5th Cir. 1979), <u>cert. denied</u>, 444 U.S. 1086 (1980).

(18) <u>Statements Relevant to the Defense</u>. The defendant requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. <u>United States v. Bailleaux</u>, 685 F.2d 1105 (9th Cir. 1982).

(19) <u>Jencks Act Material</u>. The defense requests all material to which defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch tapes. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under §3500(e)(1). <u>Campbell v. United States</u>, 373 U.S. 487, 490-92 (1963). In <u>United Sates v. Boshell</u>, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act. The defense requests pre-trial production of <u>Jencks</u> material to expedite cross-examination and to avoid lengthy recesses during trial.

(20) <u>Giglio Information</u>. Pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses.

1   (21) <u>Personnel Records of Government Officers Involved in the Arrest</u>.  The defendant
2   requests all citizen complaints and other related internal affairs documents involving any of the
3   FBI agents, police officers or other law enforcement officers who were involved in the
4   investigation, arrest and interrogation of him, pursuant to <u>Pitchess v. Superior Court</u>, 11 Cal. 3d
5   531, 539 (1974).  Because of the sensitive nature of these documents, defense counsel will not
6   be able to procure them from any other source.

7   (22) <u>Government Examination of Law Enforcement Personnel Files</u>.  Mr. Bautista
8   requests that the government examine the personnel files and any other files within its custody,
9   care or control, or which could be obtained by the government, for all testifying witnesses,
10  including testifying officers.  Mr. Bautista requests that these files be reviewed by the
11  government attorney for evidence of perjurious conduct or other like dishonesty, or any other
12  material relevant to impeachment, or any information that is exculpatory, pursuant to its duty
13  under <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991).  The obligation to examine files
14  arises by virtue of the defense making a demand for their review:  the Ninth Circuit in <u>Henthorn</u>
15  remanded for <u>in camera</u> review of the agents' files because the government failed to examine
16  the files of agents who testified at trial.  This Court should therefore order the government to
17  review all such files for all testifying witnesses and turn over any material relevant to
18  impeachment or that is exculpatory to Mr. Bautista prior to trial.  Mr. Bautista specifically
19  requests that the prosecutor, not the law enforcement officer, review the files in this case.  The
20  duty to review the files, under <u>Henthorn</u>, should be the prosecutor's and not the officers'.  Only
21  the prosecutor has the legal knowledge and ethical obligations to fully comply with this request.
22

**CONCLUSION**

For the foregoing reasons, Mr. Bautista respectfully requests that this Court grant this motion.

Respectfully submitted,

Dated: August 13, 2008

/s/ Stephen W. Peterson
_____
STEPHEN W. PETERSON
Attorney for Defendant
EMMANUEL BAUTISTA

Certification of Service

I, Stephen W. Peterson, certify that on August 13, 2008, I served this Defendant's Motion to Compel Discovery on Assistant U.S. Attorney, David D. Leshner, by electronic means.

Dated: August 13, 2008        /s/ Stephen W. Peterson
                              Stephen W. Peterson
                              Declarant